UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREL INVESTMENTS, LLC, et al.,

      Plaintiffs,

v.

HOLIDAY HOSPITALITY
FRANCHISING, LLC,

      Defendant.

Case No. 25-cv-10565

Honorable Robert J. White

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 4) AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER (ECF No. 5)**

---

Plaintiff Laurel Investments, LLC (Laurel) entered a License Agreement with Defendant Holiday Hospitality Franchising, LLC (HHF) to open and operate a Holiday Inn brand hotel. (ECF No. 1-2, PageID.15). At the time, two Holiday Inn Express hotels already existed in the area. (ECF No. 4-4, PageID.442). Sometime after the parties executed the agreement, a third Holiday Inn Express opened up nearby. (*Id.*; ECF No. 1-2, PageID.21; ECF No. 10, PageID.1156).

Ten years after initially signing the franchise agreement, Laurel, and five individual Plaintiffs, sued HHF based on the detrimental effects the competing Holiday Inn Express hotels had on the business at Laurel's Holiday Inn hotel (the

Laurel Hotel). (ECF No. 1-2).  Plaintiffs brought a series of claims seeking relief for HHF's failure to adequately distinguish Holiday Inn hotels from Holiday Inn Express hotels in its marketing and for allowing Holiday Inn Express hotels nearby to unfairly compete with the Laurel Hotel, among other allegations. (*Id.* at PageID.23–31).

Before the Court is HHF's motion to dismiss the complaint for failure to state a claim. (ECF No. 4).  HHF also moved to transfer venue under 28 U.S.C. § 1404(a) in the event the Court denied its motion to dismiss. (ECF No. 5).  For the reasons explained below, the Court will grant HHF's motion to dismiss in its entirety. Accordingly, the Court will deny HHF's motion to transfer as moot.

## I.    Background

Laurel is a Michigan limited liability company with offices in Oakland County, Michigan. (ECF No. 1-2, PageID.18).  In addition to Laurel, the complaint named five individuals as Plaintiffs: Majid Koza, Kenny Koza, Lyon Koza, Carlo Koza, and Derek Koza. (*Id.* at PageID.14).  The individual Plaintiffs are all citizens of Oakland County, Michigan. (*Id.* at PageID.19).  Majid Koza and Lyon Koza are Laurel's only members. (ECF No. 1-3, PageID.83–84).

HHF is a Delaware limited liability company. (ECF No. 1-2, PageID.19). HHF's sole member is Six Continents Hotels, Inc., a Delaware corporation with its

principal place of business in Atlanta, Georgia. (ECF No. 1, PageID.8).  HHF is the franchising arm of the Holiday Inn hotel chain. (ECF No. 1-2, PageID.15).

On September 30, 2014, HHF and Laurel executed a License Agreement that allowed Laurel to operate the Laurel Hotel. (*Id.*).  The individual Plaintiffs served as guarantors of the License Agreement. (*Id.* at PageID.19).  As part of the Agreement, Laurel received permission to use HHF's "System." (*Id.* at PageID.15).  The System included HHF's trademarks, such as Holiday Inn and Holiday Inn Express trademarks (the Marks), access to a reservation system, distribution of advertising, and publicity and marketing programs, among other benefits. (*Id.*).  The Agreement required the Laurel Hotel be located at the intersection of North Laurel Park Drive and 6 Mile Road, Livonia, Michigan 48152. (*Id.*).

In addition to Holiday Inn brand hotels, HHF licenses the System to hotel operators for the "Holiday Inn Express" brand hotel. (*Id.* at PageID.21).  Holiday Inn Express hotels offer fewer services than Holiday Inn hotels and charge discounted prices. (*Id.* at PageID.22).  Holiday Inn Express hotels also have substantially less overhead and operation costs and are not required to operate a restaurant on site. (*Id.*).  As alleged in the complaint, HHF licensed the following Holiday Inn Express hotels in close proximity to the Laurel Hotel: 27451 Schoolcraft Road, Livonia, Michigan; 21100 Haggerty Road, Northville, Michigan; and 3950 S.

Lotz Road, Canton, Michigan. (*Id.* at PageID.21).  The Court will refer to these Holiday Inn Express hotels collectively as the "Competing Locations."

According to Plaintiffs, HHF does not effectively differentiate Holiday Inn hotels from Holiday Inn Express hotels in its marketing. (*Id.* at PageID.22).  Without effective differentiation, customers are more likely to book the cheaper Holiday Inn Express hotels, thereby undermining the Laurel Hotel's business. (*Id.*).  Because HHF ultimately knew that licensing the Competing Locations would interfere with the Laurel Hotel's ability to perform at sufficient levels to survive, HHF violated its obligations under the License Agreement by allowing the Competing Locations to exist and operate. (*Id.*).  Plaintiffs also claimed that HHF does not enforce the terms of operations at the Competing Locations. (*Id.*).  Overall, HHF apparently acted in bad faith at all times relevant to the present lawsuit and enabled the Competing Locations to unfairly compete with the Laurel Hotel. (*Id.*).

Plaintiffs brought eight counts against HHF, including: (1) frustration of purpose; (2) illusory contract; (3) unfair competition under MCL § 445.903; (4) common law unfair competition; (5) breach of the License Agreement; (6) violation of Michigan franchise law; (7) unfair and deceptive practices; and (8) a request for declaratory relief. (*Id.* at PageID.23–30).  Plaintiffs filed their complaint in state court. (ECF No. 1-2, PageID.14).  HHF subsequently removed the case to federal

4

court. (ECF No. 1, PageID.1).   Afterwards, HHF moved to dismiss Plaintiffs' complaint. (ECF No. 4).

The parties fully briefed the motion. (ECF No. 4; ECF No. 10; ECF No. 11). The Court will decide the motion absent a hearing. *See Stanford v. United States*, 992 F. Supp. 2d 764, 770 (E.D. Ky. 2014) ("Absent complex factual questions, the Court is not required to hold a hearing.") (citing *Cook v. Providence Hosp.*, 820 F.2d 176, 178 (6th Cir. 1987)).   For the reasons that follow, the Court will grant HHF's motion in full and dismiss the complaint.   In doing so, the Court will dismiss HFF's motion to transfer venue as moot.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Instead, the alleged facts must establish a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

When reviewing a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and

determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  The court may also consider any exhibits attached to the motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

III.   **Analysis**

The Court finds that Plaintiffs' claims either fail as a matter of law or are insufficiently pled.  The Court will begin its analysis with the parties' choice-of-law dispute before assessing the arguments as to each claim.  In deciding the motion, the Court will consider the License Agreement because Plaintiffs referred to the document throughout the complaint and it is central to Plaintiffs' claims.  Because consent to the License Agreement required Laurel to read the accompanying Franchise Disclosure Document (FDD), (*see* ECF No. 4-3, PageID.187), the Court considers the FDD as integral to the License Agreement and will consider the document as well.

   A.   **Georgia Law Governs All Claims Except That Under Michigan Franchise Law.**

The Court agrees with HHF that Georgia law governs all claims except for the alleged violation of Michigan Franchise Investment Law (MFIL), Mich. Comp.

Laws § 445.1505 (Count VI). (ECF No. 4, PageID.157–58).  In reaching its decision, the Court applies Michigan conflict-of-law rules. *Banek Inc. v. Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357, 361 (6th Cir. 1993) ("a federal court in a diversity case must apply the conflict of law rules of the state in which it sits").   In Michigan, a contractual choice-of-law provision governs the agreement unless: (1) the chosen state "has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice" or (2) application of the chosen state's law is "contrary to a fundamental policy of a state" if that state has a "materially greater interest than the chosen state" in the outcome and that state's law would apply absent the choice of law provision by the parties. *Id.* (citation omitted).

Plaintiffs argued that Michigan law should apply to all claims given the Laurel Hotel's location in Michigan and Michigan's corresponding public policy of protecting its franchisees in the state. (ECF No. 10, PageID.1148–50).  But the License Agreement provides explicitly that "any and all disputes between the parties, whether sounding in contract, tort or otherwise, shall be governed and construed under, and in accordance with, the laws and decisions . . . of the State of Georgia." (ECF No. 4-3, PageID.207).  HHF is considered a Georgia citizen for diversity jurisdiction purposes; as such, Georgia's substantial relationship to the action justifies the choice of law provision.  In a case involving similar facts, the Sixth Circuit held that the use of Georgia law to resolve the plaintiffs' claims did not run

contrary to Michigan public policy. *See Banek*, 6 F.3d at 363 (rejecting argument that application of Georgia law to claims directly related to franchise agreement violated specific fundamental policy of Michigan).  The Court is thus not persuaded that Michigan's interest in protecting its franchisees outweighs the parties' clear contractual terms.

HHF also conceded that Michigan law, and not Georgia law, applies to Plaintiffs' claim under the MFIL. (ECF No. 4, PageID.157).  So the Court need not decide whether the choice-of-law provision includes claims under the MFIL. Accordingly, the Court will rely on Michigan law to resolve the MFIL claim (Count VI) and Georgia law to decide all other claims.

### B.    Plaintiffs' Contract-Based Claims Are Subject to Dismissal.

The thrust of Plaintiffs' contract claims arises from licenses HHF gave to the Competing Locations.  Because the Holiday Inn Express hotels charge lower room rates (albeit with less services available to guests), the Express hotels allegedly undermine the Laurel Hotel's business. (ECF No. 1-2, PageID.22).  After a review of the complaint, however, the Court finds (1) that Plaintiffs failed as matter of law to allege claims for frustration of purpose or breach of contract; (2) that the facts in the complaint and the terms of the License Agreement do not support Plaintiffs'

8

illusory contract or breach of contract claims; and (3) that because the underlying

claims cannot survive, Plaintiffs are not entitled to declaratory relief.[1]

### 1.   Count I – Frustration of Purpose

Plaintiffs' frustration of purpose claim fails as a matter of law.  A party

frustrates the purpose of a contract when it makes the other party's performance

"useless or impossible." *Ott v. Vineville Mkt., Ltd.*, 203 Ga. App. 80 (1992).  But

frustration of purpose does not serve as an independent cause of action; rather, it is

a defense raised to excuse nonperformance. *PraultShell, Inc. v. River City Bank*, 366

Ga. App. 70, 75 (2022); *see also L.D.F. Family Farm, Inc. v. Charterbank*, 326 Ga.

App. 361, 366 (2014) (identifying frustration of purpose as a defense); *Ott*, 203 Ga.

App. at 80 (same).  The Court will therefore dismiss Count I.

### 2.   Count II – Illusory Contract

Plaintiffs alleged that the License Agreement imposes effectively zero

obligations on HHF because it allows HHF to modify the Agreement at its "absolute

discretion." (ECF No. 1-2, PageID.24).  The lack of mutual obligation thus renders

the contract unenforceable. (*Id.*).

---

[1] Because Plaintiffs' claims cannot survive, the Court need not decide whether the individual plaintiffs have standing to bring the contract-based claims. (ECF No. 4, PageID.158–59).

"Consideration is an essential element of a contract, and total failure of consideration renders the contract null and void." *Groundfloor Holdings GA, LLC v. WFG Nat'l Title Ins. Co.*, 375 Ga. App. 6, 11 (2025) (quoting *Ball-Rodriguez v. Progressive Premier Ins. Co. of Ill.*, 367 Ga. App. 481, 483–84 (2023)).  "Georgia law provides that mutual promises and obligations are sufficient consideration to support a contract." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1376 (11th Cir. 2005).  But "contracts conditioned upon discretionary contingencies lack mutuality." *Stone Mountain Props., Ltd. v. Helmer*, 139 Ga. App. 865, 867 (1976); *see also Brack v. Brownlee*, 246 Ga. 818, 819 (1980) ("Where there is no other consideration for a contract, the mutual promises must be binding on both parties, for the reason that only a binding promise is sufficient consideration for a promise of the other party.") (citation omitted).

The facts in the complaint show adequate consideration for the Agreement. Laurel received access to HHF's proprietary System, including the use of HHF's Marks to brand the Laurel Hotel, among numerous other benefits. (ECF No. 1-2, PageID.15).  And Plaintiffs had access to the benefits for ten years before filing the current lawsuit and still have access post-filing. (*Id.* at PageID.15–16).  In addition, Georgia law recognizes that a party's ability to "unilaterally cancel" an agreement "at its discretion" does not necessarily void the agreement for lack of mutuality of obligation. *Davidson Mineral Props., Inc. v. Baird*, 260 Ga. 75, 78 (1990).  Although

the provision at issue here does not allow unilateral cancellation, the principle in *Davidson* holds.

That is, a party's unilateral power to alter an agreement does not render a contract unenforceable if the parties still exchange benefits and are subject to obligations for the contract's duration. *See Smith v. Aggregate Supply Co.*, 214 Ga. 20, 25 (1958). So even though HHF can modify or discontinue the Marks or the System under the License Agreement, no "total failure of consideration" exists here. The obligations underlying the Agreement are not illusory – the complaint shows that the Agreement confers material, bargained-for benefits upon Plaintiffs and imposes contractual obligations on HHF.

HHF cited *Klosek v. American Express Co.*, No. 08-426, 2008 WL 4057534 (D. Minn. Aug. 26, 2008) in support of its argument that a franchisor's discretion over its marks and the franchise system does not invalidate the parties' consideration. (ECF No. 4, PageID.166). Although *Klosek* is an out-of-circuit district court case, the analysis in *Klosek* is persuasive. In *Klosek*, the plaintiffs were former or current franchisees of defendant. 2008 WL 4057534, at *3. The plaintiffs alleged that a provision of the franchise agreement giving defendant "unlimited discretion to change" its proprietary marks was illusory and therefore "void for lack of consideration." *Id.* at *12. The court found that "where a term granted unlimited discretion to one party, the term is ordinarily valid and effective," and rejected

11

plaintiffs' argument. *Id.*  Unlike here, the plaintiffs in *Klosek* sought to void the applicable contractual provision, *see id.*, and not the entire franchise agreement, (ECF No. 1-2, PageID.24).  But the reasoning in *Klosek* still applies, as the franchise agreement "imposed obligations" on both parties sufficient to establish consideration. 2008 WL 4057534, at *2; *see also id.* at *12 ("For a contract to be illusory, and therefore without consideration, one party must have no obligations to perform whatsoever.").   The License Agreement outlines HHF's obligations thereunder, many of which exist irrespective of HHF's control over the Marks and the System. (ECF No. 4-3, PageID.191–93).

In sum, the Agreement's terms allow HHF to modify some of Plaintiffs' benefits after-the-fact, but the terms do not change HHF's own performance obligations. (*Id.* at PageID.191–92).   Plaintiffs' allegations that the License Agreement is illusory do not overcome the benefits Plaintiffs receive (as referenced in the complaint) and the obligations established by the License Agreement. (ECF No. 1-2, PageID.15; ECF No. 4-3, PageID.191–93).  Based on the complaint, the Court finds no reason to believe the License Agreement is unenforceable and will dismiss Count II.

### 3.    Count V – Breach of the License Agreement

Not only did Plaintiffs insufficiently plead their breach claim, but the allegations also failed to state a claim as a matter of law.  "To survive a motion to

dismiss challenging the sufficiency of a breach of contract claim brought pursuant to Georgia law, a plaintiff must allege: '(1) breach and (2) resultant damages (3) to a party who has the right to complain about the contract being broken.'" *Park 80 Hotels, LLC v. Holiday Hosp. Franchising*, No. 1:21-cv-04650, 2023 WL 2445437, at *4 (N.D. Ga. Feb. 16, 2023) (quoting *Kuritzky v. Emory Univ.*, 669 S.E.2d 179, 181 (Ga. Ct. App. 2008)).   The plaintiff "must point to a specific contractual provision that the defendant breached through its alleged conduct." *Park 80 Hotels*, 2023 WL 2445437, at *4.

According to Plaintiffs, HHF breached the License Agreement by licensing the Competing Locations in close proximity to the Laurel Hotel. (ECF No. 1-2. PageID.27).   Yet Plaintiffs offered no contractual provisions that prevented HHF from doing so. (*Id.* at PageID.27–28).   Instead, the License Agreement authorizes HHF to issue licenses without territorial restriction. (ECF No. 4-3, PageID.188) ("This License does not limit Licensor's right or the rights of any parent, subsidiary or affiliate of Licensor, to use or license the System or any part thereof or to engage in or license any business activity at any other location . . . ").   Without allegations of a "breach of an actual term of an agreement," *Park 80 Hotels*, 2023 WL 2445437, at *4 (citation omitted), Plaintiffs' argument that HHF breached its duty to act in good faith and fair dealing likewise fails, (ECF No. 1-2, PageID.27–28). *See also Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1370 (N.D.

Ga. 2006) (noting the implied duty of good faith and fair dealing "is not an independent source of duties for the parties to a contract").

Further, in response to HHF's motion to dismiss, Plaintiffs argued that HHF, as a franchisor, breached fiduciary duties it owed to Laurel, its franchisee. (ECF No. 10, PageID.1154–55). But Plaintiffs did not allege breach of fiduciary duty in the complaint. And glaringly, under Georgia law, "a franchisor does not generally owe a fiduciary duty to its franchisees." *Prince Heaton Enters., Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357, 1365 (N.D. Ga. 2000); *Monopoly Hotel Grp., LLC v. Hyatt Hotels Corp.*, No. 1:12-cv-1250, 2016 WL 9735798, at *26 (N.D. Ga. Aug. 16, 2016). "Georgia courts have held that fiduciary claims fail where the parties' relationship stems from a contractual agreement and the contract expressly provides that it does not give rise to a confidential, fiduciary, or agency relationship between the parties." *Monopoly Hotel*, 2016 WL 9735798, at *26 (collecting cases). The License Agreement states that Laurel "is an independent contractor" and that "no partnership, joint venture, agency, fiduciary or employment relationship is intended or created by reason of this License." (ECF No. 4-3, PageID.206). The Agreement disclaims clearly any fiduciary relationship; Plaintiffs offered no reason why the contractual edict would not apply. Plus, there is no evidence to suggest the parties entered the Agreement for any purpose other than to further their own separate business objectives. *See Allen v. Hub Cap Heaven, Inc.*,

14

225 Ga. App. 533, 537 (1997) (finding no fiduciary relationship when franchise contract "expressly provided for an independent contractor relationship" and parties entered transaction to further their own separate business objectives). The Court will dismiss Count V.

### 4.    Count VIII – Declaratory Relief

Plaintiffs requested declaratory relief under Michigan law. (ECF No. 1-2, PageID.29–31).  Plaintiffs asked the Court to declare that HHF breached the License Agreement, or in the alternative, that the License Agreement and Guaranty are unenforceable. (*Id.* at PageID.31).   But neither Plaintiffs' breach claim nor its illusory contract claim withstands scrutiny under the Rule 12(b)(6) standard. *See infra* Sections III.B.2–3.   Because Plaintiffs did not successfully allege the underlying causes of action, they lack standing to bring the declaratory judgment claim.[2] *See Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814, 832 (E.D. Mich. 2020).  The Court will dismiss Count VIII.

### C.    Plaintiffs' Unfair Competition Claims Fail as a Matter of Law.

Plaintiffs brought claims for unfair competition under MCL § 445.903 (Count III) and under the common law (Count IV) in addition to a claim for unfair and deceptive practices (Count VII). (ECF No. 1-2, PageID.24–27, 29).  As established,

---

[2] The choice-of-law provision also forecloses the declaratory relief claim under Michigan law.

15

Georgia law governs the Agreement and any disputes arising therefrom. *See infra* Section III.A.  Thus, Count III cannot proceed as a matter of law.

The Court finds Counts IV similarly unviable.  To state an unfair competition claim under Georgia common law, the plaintiff must allege that they had "enforceable trademark rights in the mark or name" and the defendant "made unauthorized use of the mark or name such that consumers were likely to confuse the two." *PureO Nat. Prods. LLC v. Locn Prods. LLC*, No. 1:23-cv-3917, 2025 WL 621438, at *17 (N.D. Ga. Feb. 11, 2025).  Here, Plaintiffs made no such showing. In fact, by signing the License Agreement, Plaintiffs acknowledged that HHF "owns or is licensed to use the names and marks," including Holiday Inn and Holiday Inn Express, (ECF No. 4-3, PageID.194). *See Nolan v. Detroit Edison Co.*, 991 F.3d 697, 707 (6th Cir. 2021) ("When a document contradicts allegations in the complaint, rendering them implausible, the exhibit trumps the allegations.") (citation omitted).

As for Count VII, "Unfair and Deceptive Practices," it is unclear what the basis for the claim is.  The complaint cited no statutory authority, and Plaintiffs pointed to no case law in their response recognizing unfair and deceptive practices as a claim under Georgia law.  Count VII thus fails as a matter of law.

### D.   Plaintiffs Failed to State a Claim Under Michigan Franchise Law.

To start, neither party challenged the applicability of Michigan law to Plaintiffs' MFIL claim.  And both federal and state courts recognize that the MFIL "represents a 'fundamental' public policy of Michigan." *Lakeside Surfaces, Inc. v. Cambria Co.*, *LLC*, 16 F.4th 209, 220 (quoting *Banek*, 6 F.3d at 362 n.3); *see also Bence v. Cottman Transmission Sys.*, No. 262537, 2007 WL 283838, at *4 (Mich. Ct. App. Feb. 1, 2007) (referencing Michigan's "very strong public policy interest" in applying the MFIL).  So the Court will analyze the MFIL claim under Michigan law.

Plaintiffs claimed that HHF violated § 445.1505 of the MFIL. (ECF No. 1-2, PageID.28).   Section 455.1505 forbids fraudulent statements or omissions "in connection with the filing, offer, sale, or purchase of any franchise, directly or indirectly."  The specific statutory language prohibits the making of "any untrue statement of a material fact" or the omission of "a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading." § 445.1505(b).  Here, HHF allegedly failed to disclose that it (1) intended to license Holiday Inn Express hotels in close proximity to the Laurel Hotel; (2) marketed the Holiday Inn hotels and Holiday Inn Express hotels in a way that caused consumer confusion; or (3) that it intended not to enforce contractual terms at the Competing Locations. (ECF No. 1-2, PageID.28).

HHF argued that Plaintiffs' MFIL claims are time-barred. (ECF No. 4, PageID.171–72). The MFIL imposes a four-year statute of limitations for civil claims. Mich. Comp. Laws § 445.1533. The cause of action begins to accrue "after the act or transaction constituting the violation" occurs. *Id.* The Court agrees that statute of limitations bars any claims related to the Competing Locations at the Northville or Canton locations. HHF disclosed the existence of those hotels at the time of signing, (ECF No. 4-4, PageID.442), and over four years have passed since the parties entered the License Agreement.[3]

The FDD did not mention the hotel at 27451 Schoolcraft Road, Livonia, Michigan, so it is unclear whether the statute of limitations also bars Plaintiffs' claims as to that location. Regardless, the License Agreement reserved HHF's right to license other hotels without territorial restriction. In fact, the License Agreement and FDD repeatedly emphasize HFF's authority to do so. The following statements appear across the documents:

- "Holiday does not grant franchises for exclusive areas or territories." (ECF No. 4-4, PageID.292).
- "You may face competition from other franchisees, from hotels that Holiday or its affiliates own, or from other channels of distribution or competitive brands that Holiday or its affiliates control." (*Id.*).

---

[3] The disclosure of these hotels prior to signing also renders Plaintiffs' fraud claim untenable. *See* § 445.1505(b) (requiring a false statement or material omission at the time of "the filing, offer, sale, or purchase" of a franchise).

- "Holiday and its affiliates may establish new franchised, company-owned or company-managed hotels operating under Holiday's brands in or near your area." (*Id.*).

- "This License does not limit Licensor's right or the rights of any parent, subsidiary or affiliate of Licensor, to use or license the System or any part thereof or to engage in or license any business activity at any other location, including, without limitation, the licensing, franchising, ownership, operation and/or management of lodging facilities and related activities under the names and marks associated with the System and/or any other names and marks." (ECF No. 4-3, PageID.188).

So even though HHF did not disclose its intent to license the 27451 Schoolcraft Road location in the FDD, Plaintiffs knew or should have known it was possible for a competing hotel to pop up nearby.  Plaintiffs cannot claim otherwise given that the License Agreement contradicts such argument in plain terms. *See Nolan*, 991 F.3d at 707.

Finally, the Court rejects, for lack of specificity, Plaintiffs' argument that HHF failed to disclose (1) its intent to not enforce terms of operation at Competing Locations and (2) its policies and procedures for marketing different hotel brands. To allege fraud, plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  According to Plaintiffs, HHF fraudulently omitted mention of potential consumer confusion between Holiday Inn hotels and Holiday Inn Express hotels. (ECF No. 1-2, PageID.28).  Yet Plaintiffs presented only conclusory statements.  That is, Plaintiffs asked the Court to accept that the marketing confuses customers without any examples or indication of how that

19

occurs.  Because Rule 9(b) imposes a heightened pleading requirement for fraud claims, the Court finds Plaintiffs' allegations insufficient to support its fraud claim as to HHF's marketing.

As for the failure to disclose non-enforcement of terms of operation at the Competing Locations, Plaintiffs relied on "information and belief" pleading. (ECF No. 1-2, PageID.22).  The Court finds that type of pleading deficient here.  Although the Sixth Circuit allows pleading based on information and belief in certain circumstances, *Apex Tool Grp., LLC v. DMTCO, LLC*, No. 3:13-cv-372, 2014 WL 6748344, at *9 (S.D. Ohio Nov. 26, 2014), the plaintiff still must have "sufficient data to justify interposing an allegation on the subject" or information from another source. *Starkey v. JP Morgan Chase Bank, N.A.*, 573 Fed. App'x 444, 447–48 (6th Cir. 2014).  So "[w]hile fraud may be plead on information and belief when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the plaintiff must still set forth the factual basis for his belief." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 512 (6th Cir. 2007) (citation omitted).

Plaintiffs provided no factual basis for their belief. *See id*.  They stated, in conclusory fashion, that HHF "failed to disclose that it intended to . . . not enforce contractual terms with the Competing Locations," without further explanation. (ECF No. 1-2, PageID.28).  Because Plaintiffs cannot use "information and belief"

pleading to circumvent the standards outlined in *Twombly*, *Iqbal*, and Rule 9(b), the Court finds that they failed to allege their claim with the necessary sufficiency.  For all of the reasons stated above, Plaintiffs' MFIL claim is dismissed.

### E.  The Court Will Deny Plaintiffs' Request to Amend the Complaint.

Instead of filing a separate motion to amend the complaint, Plaintiffs requested leave to amend in their response to the motion to dismiss. (ECF No. 10, PageID.1166–67).  "A request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)).  Because Plaintiffs did not follow the proper procedure in asking for leave to amend, nor identify how they would amend the complaint if granted leave, the Court will deny their request. *See* 622 F.3d at 486.

* * *

For the reasons given, the Court **ORDERS** that the motion to dismiss for failure to state a claim (ECF No. 4) is **GRANTED**.

The Court **FURTHER ORDERS** that the motion to transfer venue under 28 U.S.C. § 1404(a) (ECF No. 5) is **DENIED AS MOOT**.

Dated: December 30, 2025             s/Robert J. White
                                     Robert J. White
                                     United States District Judge

21